# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO VALDEZ-CEJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-49-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Fernando Valdez-Cejas appeals his above-guidelines sentence for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. On appeal, Valdez-Cejas argues that the district court improperly sentenced him to more than 2 years of imprisonment because the statutory enhancements under § 1326(b) are unconstitutional. He correctly concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11042

seeks to preserve the argument for possible Supreme Court review. *See also United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). In *Almendarez-Torres*, the Supreme Court held that for the purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. 523 U.S. at 239-47.

Accordingly, Valdez-Cejas has filed an unopposed motion for summary disposition. Because his argument is foreclosed, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, his motion is GRANTED, and the judgment is AFFIRMED.